IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY WASHINGTON | § | |
| | § | |
| V. | § | A-06-CA-130-SS |
| | § | |
| MEDICAL STAFF T.C.S.O., | § | |
| MEDICAL DIRECTOR M. SUMMERS | § | |
| #1184, AUSTIN POLICE DEPARTMENT, | § | |
| and OFFICER R. CANIZALES #4918 | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1) and Defendant Summers' Motion for Summary Judgment (Document No. 9).  Plaintiff did not file a response thereto.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

**I.  BACKGROUND**

At the time he filed his complaint, Plaintiff was confined in the Travis County Correctional Complex.  Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging he was denied surgery on his injured thumb by Travis County employees.  Plaintiff contends his thumb was injured during his

arrest by Austin Police Officer R. Canizales.  Plaintiff seeks punitive damages in the amount of

$1,800,000.00 and actual damages in the amount of $8,600,000.00.  He sues the medical staff of the

Travis County Sheriff's Office, Medical Director M. Summers #1184, the Austin Police Department,

and Officer R. Canizales #4918.

At the time Plaintiff filed the instant lawsuit, he had pending a civil rights lawsuit against

the Austin Police Department, Chief of Police Stan Knee and Officer Canizales.  See Washington

v. Austin Police Dep't, No. A-06-CV-041-SS.  In the related case, Plaintiff complained that Officer

Canizales injured his thumb during his arrest.  Because Plaintiff asserted the same claims against

Officer Canizales and the Austin Police Department in both lawsuits, the Court informed Plaintiff

it would not order service upon Officer Canizales or the Austin Police Department in this case.

The Court also informed Plaintiff it would not order service upon the TCSO Medical Staff,

because that is not an entity capable of being sued.  The Court did, however, order service upon

Medical Director M. Summers.  Defendant Summers has filed an answer and moves for summary

judgment.

According to Defendant Summers, Plaintiff was booked into Travis County custody on

August 3, 2005.  (Def.'s Exhibit B-3 at 1810017).  Defendant Summers asserts Plaintiff was given

an Initial Health Screening when he first arrived at the Travis County Jail, but Plaintiff refused to

answer any questions.  (Def.'s Exhibit B-2 at 1810019).  According to Defendant Summers, Plaintiff

did not complain of a thumb injury until October 29, 2005.  (Def.'s Exhibit B-2 at 1810090).

Summers asserts Plaintiff was given medical attention by Dr. Hart and was taken to the Brackenridge

Hospital hand clinic where he was seen by Dr. Sharma.  (Def.'s Exhibit B-2 at 1810090 and

1810101-1810102). Plaintiff was allegedly diagnosed with "chronic ulnar collateral ligament injury,

right thumb." (Def.'s Exhibit B-2 at 1810102). Reconstructive surgery for this problem was considered elective by both Dr. Hart and Dr. Sharma. Lieutenant Vallejo denied the surgery request because it was considered elective. (Def.'s Exhibit B-2 at 1810050, 1810084, and 1810089). Plaintiff appealed the decision to Defendant Summers. (Def.'s Exhibit B-2 at 1810049). Defendant Summers asserts he reviewed Plaintiff's medical file and deferred to the two doctors' reports, each determining that the surgery was elective and not medically necessary. (Def.'s Exhibit A). Defendant Summers argues he is protected from Plaintiff's claims brought against him in his individual capacity by the doctrine of qualified immunity. With respect to Plaintiff's claims brought against him in his official capacity Defendants Summers argues Plaintiff has failed to identify any official policy, custom or practice that caused his alleged injuries. Further, Defendant Summers argues Plaintiff was not denied adequate medical care.

## II. ANALYSIS

### A.    Entities Not Capable of Being Sued

The Medical Staff of TCSO is not a legal entity capable of being sued. See, Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Ordinarily, the Court would construe Plaintiff's claims as if they were brought against Travis County. However, Plaintiff has named Medical Director Summers as a defendant. Plaintiff's claims against Summers in his official capacity are the same as if they were brought against Travis County.

B.      Malicious

Plaintiff has already filed a civil rights complaint against the Austin Police Department and

Officer R. Canizales in Cause No. A-06-CV-041-SS raising the exact same claims as raised in the

instant lawsuit.  That case is currently pending.  The Fifth Circuit has held it is "malicious" for a

pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same

plaintiff.  Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993).  Because Plaintiff's claims against the

Austin Police Department and Officer R. Canizales in this lawsuit duplicates allegations contained

in Cause No. A-06-CV-041-SS, Plaintiff's claims against these defendants are malicious, and

therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

C.      Standard of Review Under Fed. R. Civ. P. 56(c)

The only remaining defendant, Medical Director Summers, moves for summary judgment.

A court will, on a motion for summary judgment, render judgment if the evidence shows that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996);  Int'l Shortstop, Inc. v. Rally

Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992).  When

a motion for summary judgment is made and supported, an adverse party may not rest upon mere

allegations or denials but must set forth specific facts showing there is a genuine issue for trial.  Ray

v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995);  Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process.

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986).  The movant with the burden of

proof at trial must establish every essential element of its claim or affirmative defense.  Id. at 322,

106 S. Ct. at 2552.  In so doing, the moving party without the burden of proof need only point to the

absence of evidence on an essential element of the non-movant's claims or affirmative defenses.  Id.

at 323-24, 106 S. Ct. at 2554.  At that point, the burden shifts to the non-moving party to "produce

evidence in support of its claims or affirmative defenses . . . designating specific facts showing that

there is a genuine issue for trial."  Id. at 324, 106 S. Ct. at 2553.  The non-moving party must

produce "specific facts" showing a genuine issue for trial, not mere general allegations.  Fed. R. Civ.

P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the

light most favorable to the party opposing summary judgment and indulge all reasonable inferences

in favor of that party.  The Fifth Circuit has concluded "[t]he standard of review is not merely

whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational

trier of fact could find for the non-moving party based upon the evidence before the court."  James

v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)).

To the extent facts are undisputed, a Court may resolve the case as a matter of law.  Blackwell v.

Barton, 34 F.3d 298, 301 (5th Cir. 1994).

D.      Qualified Immunity

Defendant Summers asserts he is protected from Plaintiff's claims brought against him in his

individual capacity by the doctrine of qualified immunity.  The doctrine of qualified immunity

affords protection against individual liability for civil damages to officials "insofar as their conduct

does not violate clearly established statutory or constitutional rights of which a reasonable person

would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982).  Immunity

in this sense means immunity from suit, not merely from liability.  Jackson v. City of Beaumont, 958

F.2d 616 (5th Cir. 1992).  "Qualified immunity is designed to shield from civil liability all but the

plainly incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).  In general, "qualified immunity represents the norm."  Id.  With respect to a ruling on qualified immunity, the first question a court should address is "whether the plaintiff has alleged a violation of a clearly established constitutional right."  Siegert v. Gilley, 500 U.S. 226, 231, 111 S. Ct. 1789 (1991); Hale v. Townley, 45 F.3d 914, 917 (5th Cir. 1995).  If the Plaintiff has alleged a constitutional violation, the court must then determine whether the defendant's conduct was objectively reasonable under legal principles as they existed at the time of the defendant's acts or omissions. Hale, 45 F.3d at 917, citing Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993), cert. denied, 510 U.S. 1123, 114 S. Ct. 1081 (1994); Spann v. Rainey, 987 F.2d 1110, 1114 (5th Cir. 1993).

Claims of qualified immunity require a two step analysis.  As a threshold matter, the court must consider whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001); Glenn v. City of Tyler, 242 F.3d 307, 312 (5th Cir. 2001).  If the allegations do not establish the violation of a constitutional right, the official is entitled to qualified immunity. Saucier, 533 U.S. at 201, 121 S. Ct. at 2156.  If the allegations could make out a constitutional violation, the court must ask whether the right was clearly established – that is, whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Id. at 202, 121 S. Ct. at 2156.  If an official makes a reasonable mistake as to what the law requires, the officer is entitled to immunity.  Id. at 205, 121 S. Ct. at 2158.  With these principles in mind, the Court will address the issue of Defendant's qualified immunity.

E.    Inadequate Medical Care

Plaintiff complains he received inadequate medical care for his thumb injury allegedly sustained during his arrest.  Specifically, Plaintiff complains Medical Director Summers denied his request for surgery.

The Fifth Circuit has held that a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights.  Hare v. City of Corinth, 74 F.3d 633, 647-48 (5th Cir.1996) (en banc).  The court then defined subjective deliberate indifference as subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference.  Id. at 650.  Deliberate indifference to serious medical needs may be manifested by prison doctors in their response to the prisoner's needs.  Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291 (1976).  Claims of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim of inadequate medical care.  Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323 (1991). Similarly, unsuccessful medical treatment or disagreement between an inmate and his doctor concerning the manner of treatment does not give rise to a cause of action.  Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  A claim that additional diagnostic techniques or forms of treatment should have been utilized is also inadequate for purposes of § 1983.  Estelle, 429 U.S. at 107, 97 S. Ct. at 293.  In short, a claim of medical malpractice does not amount to a constitutional violation merely because the plaintiff is a prisoner.  Id., 429 U.S. at 106, 97 S. Ct. at 292.  Deliberate indifference may also be shown by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Id., 429 U.S. at 104-05, 97 S. Ct. at 291.  In order to maintain a claim

for delayed medical treatment there must have been deliberate indifference which results in harm. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993).

In the instant case, the summary judgment evidence demonstrates Defendant Summers did not deny Plaintiff adequate medical care for his alleged injury.  Dr. Sharma and Dr. Hart both determined the surgery was elective, meaning the condition will not deteriorate further if left untreated.  (Def.'s Exhibit A).  Dr. Hart explains surgery was recommended as a treatment, but that surgery can be delayed for any length of time due to the fact the injury will not worsen, nor will the delay cause any different type of procedure to be done or lessen the chance of a successful outcome. (Def.'s Exhibit A).  Dr. Hart further explains Plaintiff's condition does not present a life- or limb-threatening danger to the patient and the eventual functional outcome will be the same, regardless of when surgery is performed.  (Def.'s Exhibit A).  According to Dr. Hart, based on security concerns, it is not practical to do elective surgery in a jail setting.  (Def.'s Exhibit A).

There is no clear definition of what constitutes a "serious medical need." The Eighth Amendment embraces the treatment of medical conditions which may cause future health problems. Helling v. McKinney, 509 U.S. 25, 113 S. Ct. 2475 (1993). However, courts remain split on whether the denial of medical care classified as "elective" constitutes cruel and unusual punishment.  See Johnson v. Bowers, 884 F.2d 1053, 1056 (8th Cir. 1989) (prisoner waiting six years for elective arm surgery was entitled to relief); Cotton v. Hutto, 540 F.2d 412 (8th Cir. 1976) (inmate who experienced a hernia while in prison pleaded facts showing the denial of surgery may show deliberate indifference); Delker v. Maass, 843 F. Supp. 1390 (D. Ore. 1994) (deliberate indifference evidenced in surgical delay for non-incarcerated, inguinal hernia); West v. Keve, 541 F. Supp. 534 (D. Del. 1982) (prison officials violated Eighth Amendment by not furnishing elective surgery for

condition causing varying degrees of pain). But see Caldwell v. Moore, 968 F.2d 595 (6th Cir. 1992)

(no deliberate indifference shown where immediate medical attention not required); Jackson v. Fair,

846 F.2d 811 (1st Cir. 1988) (Constitution does not guarantee inmate treatment of his choice and

therefore no deliberate indifference exhibited).

One factor that impacts this analysis is the length of time the prisoner is in the defendant's

custody.  Cf. Bowers, 884 F.2d 1056 (prisoner forced to wait six years for surgery).  In the instant

case, the Plaintiff was in Travis County's custody from August 3, 2005 to February 10, 2006.  *See*

Affidavit of Dr. Hart (Def.'s Exh. A).  As noted earlier, Plaintiff did no complain about his thumb

until October 29, 2005.  Given the short period of time Plaintiff was in Travis County's custody, and

the non-emergency, elective nature of the surgery, Plaintiff has failed to demonstrate deliberate

indifference here.  Moreover, Plaintiff has not provided the Court with any evidence to contradict

Dr. Hart's assessment that the surgery was elective and any delay would not compromise the effects

of the surgery.  Plaintiff fails to allege the delay in his surgery will cause extreme pain or

degeneration of his condition.  As such, Plaintiff has failed to demonstrate that the denial of

reconstructive surgery amounted to a deliberate indifference to his serious medical needs.

Accordingly, Defendant Summers is entitled to qualified immunity protection.

       F.     County Liability

As explained above, Plaintiff has failed to establish a violation of his constitutional rights.

As such, summary judgment is appropriate for Plaintiff's claims brought against the defendant in his

official capacity.

### III.  RECOMMENDATION

The undersigned recommends that the District Court **DISMISS WITHOUT PREJUDICE** as malicious Plaintiff's claims brought against the Austin Police Department and Officer R. Canizales pursuant to 28 U.S.C. § 1915(e), **DISMISS WITHOUT PREJUDICE** Plaintiff's claims brought against the medical staff at TCSO pursuant to 28 U.S.C. § 1915(e), **GRANT** Defendant Summers' Motion for Summary Judgment and **DISMISS WITH PREJUDICE** Plaintiff's claims brought against Defendant Summers.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation to the parties by certified

mail, return receipt requested.

SIGNED this 21ˢᵗ day of July, 2006.

 

 

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE